# No. 25-231

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

DIANA MEY

*Plaintiff/Respondent,*

vs.

LIBERTY HOME GUARD, LLC and BENJAMIN JOSEPH

*Defendants/Petitioners.*

---

**DEFENDANTS LIBERTY HOME GUARD, LLC AND BENJAMIN JOSEPH'S REPLY IN SUPPORT OF PETITION TO APPEAL PURSUANT TO RULE 23(f)**

---

*On Appeal from the Order Granting Class Certification,
Entered December 3, 2025, by the United States District Court
for the Northern District of West Virginia, Civil Action No. 5:23-cv-281*

---

William J. O'Brien, Esquire
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
304-933-8000 / 304-933-8183 (Facsimile)
william.obrien@steptoe-johnson.com

Shaina L. Richardson, Esquire
STEPTOE & JOHNSON PLLC
1000 Swiss Pine Way, Suite 200
PO Box 1616
Morgantown, West Virginia 26507
304-598-8000 / 304-598-8116 (Facsimile)
shaina.richardson@steptoe-johnson.com

Ryan D. Watstein
ryan@wtlaw.com
Trishanda L. Treadwell
ttreadwell@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th St NE, Suite 2600
Atlanta, Georgia 30309
(404) 905-6400

*Counsel for Petitioners-Defendants*

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

ARGUMENT ........................................................................................................ 1

    I.    The District Court Abdicated Its Duty to Conduct a "Rigorous Analysis." ................................................................................ 1

    II.    The District Court Erred by Failing to Analyze Standing and Certifying a Class with an "Untold Number of Uninjured Class Members." ................................................................................. 2

    III.    The Arbitration Forfeiture Ruling Is Structural and Serious. ............... 4

    IV.    Predominance Fails Because the Order Inverted the Burden and Disabled Individualized Defenses. ...................................................... 6

    V.    Mey Is Not Typical or Adequate Because Her Claim Bypasses the Defenses Governing the Class. ............................................................ 8

    VI.    The Recent Merits Ruling Violates the One-Way Intervention Rule ... 9

    VII.    The Important Issues Presented Sound a Death-Knell. ..................... 11

CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Alig v. Quicken Loans Inc.*,
  2016 WL 10490288 (N.D.W. Va. Aug. 25, 2016) ...............................................10

*Cordoba v. DIRECTV, LLC,*
  2020 WL 5548767 (N.D. Ga. July 23, 2020) ......................................................3

*Cordoba v. DIRECTV, LLC,*
  942 F.3d 1259 (11th Cir. 2019) ......................................................................2, 3

*Costello v. BeavEx, Inc.*,
  810 F.3d 1045 (7th Cir. 2016) ...................................................................10, 11

*Davis v. Capital One, N.A.,*
  2025 WL 2445880 (4th Cir. Aug. 26, 2025) ......................................................8

*Davis v. Capital One, N.A.*,
  2023 WL 6964051 (E.D. Va. Oct. 20, 2023).......................................................7

*Deiter v. Microsoft Corp.*,
  436 F.3d 461 (4th Cir. 2006) ............................................................................8

*Faber v. Ciox Health, LLC,*
  944 F.3d 593 (6th Cir. 2019) ..........................................................................10

*Gariety v. Grant Thornton, LLP*,
  368 F.3d 356 (4th Cir. 2004) ........................................................................1, 2

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
  586 U.S. 63 (2019).............................................................................................5

*Jimenez v. Allstate Ins. Co.*,
  765 F.3d 1161 (9th Cir. 2014) ..........................................................................9

*Krakauer v. Dish Network, L.L.C.,*
  925 F.3d 643 (4th Cir. 2019) ............................................................................4

*Krakauer v. Dish Network, L.L.C.,*
  311 F.R.D. 384 (M.D.N.C. 2015) ......................................................................7

*Lawson v. Grubhub, Inc.*,
  13 F.4th 908 (9th Cir. 2021) ............................................................................. 5

*Lienhart v. Dryvit Sys., Inc.*,
  255 F.3d 138 (4th Cir. 2001) .................................................................... 10, 11

*Lindsey v. Normet*,
  405 U.S. 56 (1972) .............................................................................................. 9

*Maldini v. Marriott Int'l, Inc.*,
  140 F.4th 123 (4th Cir. 2025) ........................................................................... 4

*Mattson v. United Mortg. Corp.*,
  2024 WL 4794711 (D. Or. Sept. 16, 2024) ...................................................... 6

*Payne v. Sieva Networks, Inc.*,
  347 F.R.D. 224 (N.D. Cal. 2024) ...................................................................... 7

*Schmitendorf v. Juicy's Vapor Lounge, Inc.*,
  2025 WL 2966205 (D. Kan. Oct. 21, 2025) ..................................................... 7

*Schwarzschild v. Tse*,
  69 F.3d 293 (9th Cir. 1995) ............................................................................ 11

*Smith v. Bayer Corp.*,
  564 U.S. 299 (2011) ..................................................................................... 4, 10

*Southwell v. Mortg. Invs. Corp. of Ohio*,
  2014 WL 3956699 (W.D. Wash Aug. 12, 2014) ............................................. 7

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) .............................................................................................. 2

*Tan v. Grubhub, Inc.*,
  2016 WL 4721439 (N.D. Cal. July 19, 2016) .................................................. 5

*TransUnion, LLC v. Ramirez*,
  594 U.S. 413 (2021) ............................................................................................ 4

*Vance v. DIRECTV, LLC*,
  2022 WL 16857329 (N.D.W. Va. Nov. 9, 2022) ............................................. 4

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)................................................................................................8

*Yoho v. Southwestern Energy Co.*,
  2024 WL 5454530 (N.D.W. Va. Nov. 12, 2024) .............................................5, 9

**Rules**

Rule 23 ...................................................................................................passim

# INTRODUCTION

Defendants' petition asks whether a court may certify a nationwide damages class where unrebutted evidence shows most absent class members lack standing and face individualized defenses not shared by Plaintiff—by copying Plaintiff's allegations.

Plaintiff's opposition confirms the need for immediate review. She does not dispute that the district court conducted no Article III standing analysis, extinguished arbitration defenses unique to absent class members, and adopted Plaintiff's briefing wholesale, rather than conducting the rigorous analysis Rule 23 demands. The district court compounded those errors by adjudicating the merits before class notice or opt-out, despite Defendants' on-record preservation of the one-way intervention rule. It again did so by copying Plaintiff's brief verbatim.

The district court's errors have so fundamentally distorted the litigation that Defendants are facing company-ending exposure and overwhelming settlement pressure. Rule 23(f) exists to permit intervention in precisely this circumstance.

# ARGUMENT

## I.   The District Court Abdicated Its Duty to Conduct a "Rigorous Analysis."

In the Petition, Defendants established (at 11) that, rather than undertake a "rigorous analysis," the court copied Plaintiff's briefing and made no factual findings. Fed. R. Civ. P. 23(c)(1)(B); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356,

1

367 (4th Cir. 2004). Plaintiff defends the Order, not by engaging the record evidence summarized in the Petition (at 6–10), but by pointing to hypothetical "aggregate records" or "account notes" that might later be credited at trial (Opp. at 13–14). Rule 23 does not permit certification on conjecture or by "merely accepting the[] [plaintiff's] assertions." *Gariety*, 368 F.3d at 367.

## II. The District Court Erred by Failing to Analyze Standing and Certifying a Class with an "Untold Number of Uninjured Class Members."

Plaintiff's response also concedes that the district court did not conduct any Article III standing analysis. Plaintiff responds that none was required because standing supposedly overlapped with consent. But the district court never analyzed consent; it excluded Liberty's extensive evidence on those issues—including documents and testimony properly provided during discovery—and declared predominance satisfied based on Plaintiff's allegations.[1] Evidentiary sanctions cannot supply jurisdiction or excuse Article III analysis. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Plaintiff (at 15 n.15) cites *Cordoba v. DIRECTV, LLC*, which granted Rule 23(f) review and reversed certification in a TCPA case because the district court

---

[1] Plaintiff's overreads Magistrate Judge Mazzone's sanctions order, which only addressed three months of third-party data not at issue here. Dkt. 82. She also ignores Defendants' discovery responses, productions, and testimony, and misstates the evidence Defendants have provided (consumer declarations, Terms of Use, screenshots of Liberty's webpages and consent flows, etc.).

2

failed to consider whether standing could be determined without individualized inquiries. 942 F.3d 1259, 1264 (11th Cir. 2019). Certification was improper where identifying who was harmed would require each class member to "provide some evidence" of injury, because once standing was considered, "individualized questions may predominate over common issues." *Id*. at 1274–75. On remand, the court rejected certify-now-ask-later mechanisms—post-merits record review or self-identifying surveys—because they did not resolve at certification whether uninjured members could be excluded with classwide proof. *Cordoba v. DIRECTV, LLC*, 2020 WL 5548767, at *4, *6 (N.D. Ga. July 23, 2020).

The same problem is present here, except the district court did not even attempt a standing analysis. Defendants' evidence (Liberty's webpages, its consent process, its policy of not cold-calling consumers, and consumer and employee declarations) showed that, but for a typo, recipients requested and consented to communications and therefore lacked concrete injury. Plaintiff offers no contrary evidence, and no administrable method of separating injured from uninjured members—only speculation about records that might be marshaled later.[2]

---

[2] For example, webforms are not "executed" documents. Joseph Dep. 45:22–46:6. The operative proof of consent—and thus no injury—is the consumer's online submission, reflected in Liberty's produced records identifying those who entered its system. See Joseph Decl., Dkt. 134-1, ¶ 10.

3

Review is particularly appropriate given the need for guidance on this exact issue after *TransUnion, LLC v. Ramirez*, which explicitly held that no class members without standing may be awarded damages, 594 U.S. 413, 431 n.4 (2021), and *Krakauer v. Dish Network, L.L.C.*, which previewed the problem of certifying a class containing an "untold number of class members who lack standing," the precise issue here, 925 F.3d 643, 652 (4th Cir. 2019).

### III.    The Arbitration Forfeiture Ruling Is Structural and Serious.

Defendants established (at 14–17) that the certification order declared absent class members' arbitration agreements forfeited before those individuals were even parties—a legally impossible result contrary to all relevant authority, including this Court's decisions and Judge Bailey's own. See *Maldini v. Marriott Int'l, Inc.*, 140 F.4th 123, 130–33 (4th Cir. 2025) (arbitration defenses are addressed at certification and not forfeited through pre-certification conduct); *Vance v. DIRECTV, LLC*, 2022 WL 16857329, at *2 (N.D.W. Va. Nov. 9, 2022) (Bailey, J.).

Plaintiff's effort to cabin *Vance* to personal jurisdiction misses the point: absent class members are not parties pre-certification, so defenses tied to them—including arbitration—cannot be forfeited earlier. *Vance*, 2022 WL 16857329, at *2 (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011)). Arbitration and class-waiver defenses stand on the same footing: Liberty could not waive nonparties' contractual rights before those nonparties were in the case.

4

Plaintiff's remaining arguments only underscore that error. She asserts that the district court could disregard arbitration as an "untimely and undisclosed defense" and claims Defendants produced "no evidence that any class member agreed to arbitrate." Setting aside that this assertion is false twice over,[3] the district court made no finding about absent class members' assent to arbitration; it refused to analyze the issue based on waiver. Dkt. 139 at 21–22. That approach is incompatible with the FAA and precedent requiring courts to enforce arbitration agreements according to their terms, including delegation clauses, and to determine at certification whether such issues can be resolved with classwide proof. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 70 (2019); *Tan v. Grubhub, Inc.*, 2016 WL 4721439, at *4, *6 (N.D. Cal. July 19, 2016), *aff'd sub nom. Lawson v. Grubhub, Inc.*, 13 F.4th 908 (9th Cir. 2021) (denying certification in light of arbitration agreements).

Plaintiff likewise misreads Judge Bailey's decision in *Yoho v. Southwestern Energy Co.* She argues (at 14) that *Yoho* turned on the undisputed fact that 87% of the class executed arbitration agreements. But *Yoho* held that the certification question is whether potentially applicable arbitration provisions affect Rule 23—not their ultimate enforceability. 2024 WL 5454530, at *9 (N.D.W. Va. Nov. 12, 2024).

---

[3] Plaintiff concedes (at 11) that Defendants produced the Terms of Use effective during the relevant period in discovery, Dkt. 115-5 at 43–54, and thus, put Plaintiff on notice of the arbitration provision. *See also infra* n.6.

5

That standard is met here: Defendants produced evidence that hundreds of thousands of absent class members agreed to arbitrate by accepting various versions of Liberty's Terms of Use.[4] The district court simply chose to ignore that.

## IV. Predominance Fails Because the Order Inverted the Burden and Disabled Individualized Defenses.

Plaintiff's response (at 13–14) reduces predominance to two "overarching" questions—calls to Do-Not-Call-Registry-listed numbers and willfulness. That is misdirection, as neither addresses the dispositive issues in this case. In addition to the arbitration and standing issues discussed above, neither the certification order nor Plaintiff's response meaningfully address the myriad dispositive individualized issues at play: consent, established business relationships, and business/mixed-use lines.

Plaintiff's expert's proposed analysis does not establish who was called without consent, whether their number was used as a business number, or who made inquiries about Liberty's services sufficient to create an EBR.[5] *Southwell v. Mortg.*

---

[4] As with the "webforms" addressed in note 2, *supra*, Plaintiff's reference to arbitration agreements is a straw man. Liberty's evidence shows that entry through its inquiry channels necessarily required assent to the governing Terms of Use, which included arbitration. *See* Joseph Decl., Dkt. 134-1, ¶ 10.

[5] On the business-number point, the "presumption" that a DNC-listed number is residential is merely a rebuttable aid for assessing statutory standing under § 227(c)—"and nothing more." *Mattson v. United Mortg. Corp.*, 2024 WL 4794711, at *2 (D. Or. Sept. 16, 2024). Liberty produced evidence that it regularly communicates with business numbers, and it explained why. *See, e.g.*, Sarfati Decl., Dkt. 115-13, ¶¶ 19–29. Courts routinely deny certification for this exact reason:

6

*Invs. Corp. of Ohio*, 2014 WL 3956699, at *4–6 (W.D. Wash Aug. 12, 2014) (denying certification in part because the plaintiff's experts (including a colleague of Plaintiff's expert here) failed to separate business numbers or consenting consumers and, instead, "simply describe[d] what she intended to do with the data provided").

Plaintiff's reliance on *Krakauer v. Dish Network, L.L.C.* highlights the problem. *Krakauer* involved a **cold calling** campaign to **consumers only**. 311 F.R.D. 384, 389 (M.D.N.C. 2015). Thus, liability turned on objective, aggregate proof tied only to whether the numbers called were on the Do-Not-Call Registry, without individualized consent questions or evidence of uninjured class members— only "supported by unsworn statements in a brief." *Id.* at 399.

Here, by contrast, Liberty does not make cold calls *at all*. Joseph Dep. at 43:9–11. Liability and injury turn on recipient-specific consent and interaction history, and specifically whether Liberty ever *lost consent* to call any particular person because of a typo or because of a vague email like the one Plaintiff sent. *See Davis v. Capital One, N.A.*, 2023 WL 6964051, at *14–15 (E.D. Va. Oct. 20, 2023), *aff'd*,

---

determining whether numbers are "residential" is a fact-intensive, individualized inquiry that the plaintiff must prove with common evidence. *Payne v. Sieva Networks, Inc.*, 347 F.R.D. 224, 228 (N.D. Cal. 2024); *Schmitendorf v. Juicy's Vapor Lounge, Inc.*, 2025 WL 2966205, at *8 (D. Kan. Oct. 21, 2025).

7

2025 WL 2445880 (4th Cir. Aug. 26, 2025) (denying certification where, like here, class list was drawn from numbers for which defendant had obtained consent).

Identifying others like Plaintiff is not a matter of common proof but an individualized search for needles in a haystack. Predominance cannot be established by assumption or burden shifting. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiff's opposition still supplies no trial plan for resolving these individualized issues.

## V.  Mey Is Not Typical or Adequate Because Her Claim Bypasses the Defenses Governing the Class.

Defendants demonstrated (at 14–17) that Plaintiff is not a typical or adequate class representative because her claim arises from a distinct factual posture—a third party's typo—that bypasses the defenses that will drive absent class members' claims. She is thus uniquely positioned to deny she inquired, consented, or entered any relationship—yet those recurring, recipient-specific issues will govern absent class members' claims. Due process and Rule 23(a) require representative alignment so that litigating the named plaintiff's claim tests the defenses that will control the class. *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006).

Plaintiff's opposition confirms the representative mismatch and resulting due process problems. Plaintiff argues the typo is irrelevant because she cabins her claims to post-email communications, but that post-hoc reframing only highlights her atypicality: she identifies no other class member called by mistake and thus can

8

deny inquiry, consent, revocation, or business relationship. And because she is not subject to arbitration, she cannot litigate arguments a typical representative would need to make for members whose claims turn on arbitration defenses. *Yoho*, 2024 WL 5454530, at *9–10. Plaintiff has no response to that.

Nor is Plaintiff's atypicality a "merits defense," as she contends (at 10). It deprives Defendants of defenses applicable to the class and raises due process concerns: defendants must have "an opportunity to present every available defense" in a class action seeking enormous damages. *Lindsey v. Normet*, 405 U.S. 56, 66 (1972); *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1168 (9th Cir. 2014) (recognizing the defendant's inherent "due process right to present individualized defenses" in a class action).

The summary-judgment order reinforces this problem. The court's merits ruling bypassed Liberty's principal defenses that Liberty demonstrated, with unrebutted evidence, will apply to most absent class members, solely because those defenses do not apply to Mey. Plaintiff fails to address that disconnect, but it is the typicality problem in plain view: litigating Mey's anomalous claim cannot test the defenses that will control the class.

**VI. The Recent Merits Ruling Violates the One-Way Intervention Rule.**

The district court also violated the one-way intervention rule by deciding the merits after certification but before notice or opt-out, allowing absent class members

9

to enjoy the benefit of favorable merits rulings without the reciprocal risk of being bound by adverse ones. Fed. R. Civ. P. 23(c)(3)(B); *Smith*, 564 U.S. at 313; *Alig v. Quicken Loans Inc.*, 2016 WL 10490288, at *7 (N.D.W. Va. Aug. 25, 2016). And it did so in the most prejudicial possible way, by copying Plaintiff's briefing, effectively telling absent class members that judgment will be entered in their favor if they remain in the class. Defendants alerted this Court to this issue on January 12, 2026, to which Plaintiff responded. DE 19, 20.

Plaintiff says the rule is not a "rigid doctrine." But the prejudice is the same: class members cannot learn the merits outcome before deciding whether to opt out. *Alig*, 2016 WL 10490288, at *7. Nor did Defendants waive the objection by filing summary judgment before certification because they preserved the one-way rule and Judge Bailey acknowledged that. DE 19; *see also Alig*, 2016 WL 10490288, at *7 (Bailey, J.) (recognizing the implications of the one-way intervention rule).[6]

Because this distortion cannot be cured after final judgment, it reinforces the need for immediate Rule 23(f) review. *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146–47 (4th Cir. 2001); *Faber v. Ciox Health, LLC*, 944 F.3d 593, 599–601 (6th Cir.

---

[6] Plaintiff cites *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016), but that case proves Defendants point. There, the Seventh Circuit held that the district court did not violate the rule by denying certification and then granting the plaintiff's motion for summary judgment—not granting class certification and denying the defendant's motion for summary judgment. In doing so, the court cautioned against merits rulings "before the district court has ruled on class certification and given notice . . . to absent class members." *Id.*

10

2019); *Schwarzschild v. Tse*, 69 F.3d 293, 296 (9th Cir. 1995) ("[N]otice must be sent *before* a judgment has been granted."); *Costello*, 810 F.3d at 1058 (noting the one-way intervention rule may have precluded certification).

**VII.   The Important Issues Presented Sound a Death-Knell.**

Plaintiff argues interlocutory review is unwarranted because this case presents no novel issues. But *Lienhart* recognizes that review is warranted where recurring errors—such as failing to analyze Article III standing or deeming absent class members' arbitration defenses forfeited pre-certification—evade final-judgment review. 255 F.3d at 144–47. Plaintiff likewise concedes that the ramifications of the one-way-intervention violation are novel. DE 20 at 1.

*Lienhart* also recognizes that Rule 23(f) review is appropriate where certification effectively determines the outcome of the litigation. 255 F.3d at 144–47. Despite Plaintiff's effort to quibble with Defendants' math, Defendants could not afford a fraction of a percent of any class settlement or judgment, let alone a supersedeas bond on appeal. And the district court's summary-judgment ruling and structural errors only intensify that problem. Absent Rule 23(f) review, these issues will evade appellate review altogether.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Petition.

Submitted this 16th day of January, 2026, by:

11

Counsel for Defendant-Petitioners

*/s/ William J. O'Brien*
William J. O'Brien, Esquire
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
304-933-8000 / 304-933-8183
(Facsimile)
william.obrien@steptoe-johnson.com

Shaina L. Richardson, Esquire
STEPTOE & JOHNSON PLLC
1000 Swiss Pine Way, Suite 200
PO Box 1616
Morgantown, West Virginia 26507
304-598-8000 / 304-598-8116
(Facsimile)
shaina.richardson@steptoe-johnson.com

*/s/ Ryan D. Watstein*
Ryan D. Watstein
ryan@wtlaw.com
Trishanda L. Treadwell
ttreadwell@wtlaw.com
WATSTEIN TEREPKA LLP
75 14th St NE, Suite 2600
Atlanta, Georgia 30309
(404) 905-6400

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Fed. Rule App. P. 27(d)(2)(A) because this motion contains 2,590 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: January 16, 2026                    */s/ Ryan D. Watstein*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 16, 2026, I electronically filed the foregoing motion with the Clerk of the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. I certify that all parties to this case are registered CM/ECF users and that service to those parties will be accomplished by the CM/ECF system.

Dated: January 16, 2026                              */s/ Ryan D. Watstein*